```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF OREGON

JOEL E. DELZELL, JR.,                 )
                                      )
            Petitioner,               ) Case No. 05-863-HO
                                      )
       v.                             )     ORDER
                                      )
SHARON BLACKETTER,                    )
                                      )
            Respondent.               )
_____)
```

Petitioner brings this proceeding for habeas corpus relief pursuant to 28 U.S.C. § 2254. A jury convicted petitioner of burglary, assault, attempted assault, and tampering with a witness. The Circuit Court for the State of Oregon, county of Josephine, sentenced petitioner to 30 years imprisonment. Petitioner challenges his conviction and sentence raising five claims for relief: (1) the sentence violated the Sixth and Fourteenth Amendments because it went beyond that allowed by statute without enhancements pled and proved beyond a reasonable doubt to a jury in

1 - ORDER

violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (2) petitioner received ineffective assistance of appellate counsel because counsel failed to raise confrontation clause claims based on Crawford v. Washington, 541 U.S. 36 (2004); (3) the trial court violated petitioner's Sixth Amendment right to confront witnesses in violation of Crawford; (4) the prosecutor violated petitioner's Sixth and Fourteenth Amendment rights by withholding evidence; and (5) petitioner received ineffective assistance of trial counsel because counsel failed to interview, subpoena, or call Eric Kenneth Otis as a witness.[1]

Respondent argues that none of these grounds for relief were fairly presented to Oregon's highest court resulting in the claims being procedurally defaulted. Respondent also argues that to the extent the claims are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), and Crawford v. Washington, 541 U.S. 36 (2004), such claims are not retroactively applicable to cases on collateral review. Finally, respondent argues that to the extent the claims were

---

[1] This last ground was only raised after the State had responded for the second time to plaintiff's petition. Petitioner served an amended petition on respondent on or about September 29, 2005. The amended petition served on respondent did not include the fifth ground alleged above. The fifth ground was raised in a document entitled "Petitioner's Final Amended Petition" which appears to be a reply to Respondent's response to the amended petition. Petitioner responds to the procedural default argument asserted against the grounds raised in the September 2005 petition, but does not assert that the fifth claim is not procedurally defaulted. Petitioner does not present an argument that the ground was raised before the Oregon Supreme Court.

2 - ORDER

presented to the Oregon courts, the Oregon courts' denial of relief was neither contrary to nor an unreasonable application of United States Supreme Court precedent.

A.   Procedural Default

Section 2254(a) allows federal courts to entertain an application for habeas relief by a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. Among the obstacles a federal habeas corpus petitioner must face are the distinct doctrines of "exhaustion of state remedies" and "procedural default". Although not always clearly distinguished, these doctrines are independent of each other, and require separate analysis.

28 U.S.C. § 2254 (b) requires that all state remedies on all claims alleged in a section 2254 petition be "exhausted" before a federal court reviews the claims. Rose v. Lundy, 455 U.S. 509 (1982). The cornerstone of the exhaustion requirement is that there are no available state remedies when the section 2254 petition is filed.

All state remedies are certainly unavailable when the federal claims have been "fairly presented" to the highest court of the state. Picard v. Connor, 404 U.S. 270, 275 (1970); Schwartzmiller v. Gardner, 752 F.2d 1341, 1344 (9th Cir. 1984). A claim is

3 - ORDER

"fairly presented" to a state court when the legal basis of the federal constitutional claim is addressed; detailing only the facts around the claim is insufficient. Picard 404 U.S. at 275; Anderson v. Harless, 459 U.S. 4 (1982). A claim is not fairly presented if it is raised in a "procedural context in which its merits will not be considered." Castille v. Peoples, 489 U.S. 346, 351-352 (1989) (claim first raised on petition for discretionary review to state Supreme Court).

Citation to state case law may suffice to fairly present a federal issue. See Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003):

> To hold that citation to a state case analyzing a federal constitutional issue is insufficient to alert a state court to the federal nature of a petitioner's claim, when citation of a comparable federal case would be sufficient for that purpose, would be to conclude that the state courts are not genuine partners in the enforcement of federal constitutional law. Such a conclusion is inconsistent with the responsibility and dignity of the state courts in our federal system:
>
> > Upon the State courts, equally with the courts of the Union, rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them....
>
> Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542 (1884); see also Tafflin v. Levitt, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990) ("[W]e have consistently held that state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); Irvin v. Dowd, 359 U.S. 394, 404, 79 S.Ct. 825, 3 L.Ed.2d 900 (1959) (quoting passage from Robb v.

4 - ORDER

>    Connolly). We therefore join our sister circuits and hold
>    that, for purposes of exhaustion, a citation to a state
>    case analyzing a federal constitutional issue serves the
>    same purpose as a citation to a federal case analyzing
>    such an issue.

Another reason state remedies may be unavailable when a section 2254 petition is filed is that the petitioner has defaulted on a claim in state court. This can be by a failure to comply with a state procedural rule, or by a simple failure to raise the claim. Coleman v. Thompson, 111 S. Ct. 2546, 2557, n.1 (1991); Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Harris v. Reed, 489 U.S. 255 (1989). This fulfills the technical requirement of exhaustion as there are no available state remedies, but the petitioner then runs squarely into the obstacle of "procedural default." A procedural default occurs if the petitioner failed to physically exhaust his state remedies by not presenting his claims in state court, and "the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman, 111 S. Ct. at 2557, n.1.

If a petitioner has procedurally defaulted on a claim in state court, the federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present constitutional issues to the highest state court or demonstrates that failure to consider the claims will result in "a fundamental miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho State Board

5 - ORDER

of Corrections, 800 F.2d 905 (9th Cir. 1986); Coleman v. Thompson, 111 S. Ct. 2546 (1991).

Petitioner directly appealed his conviction and sentence asserting two claims of error: (1) that the trial court erred in admitting the testimony of a police officer regarding gang activity; and (2) that the Measure 11 sentence was unconstitutional.  The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

Petitioner sought post-conviction relief and the post-conviction court denied relief.  Petitioner appealed and the Oregon Court of Appeals affirmed without opinion and petitioner failed to petition for review to the Oregon Supreme Court in a timely manner. Petitioner raised two claims before the Oregon Court of Appeals: (1) his sentence was unlawful under Apprendi; and (2) trial counsel performed ineffectively by failing to locate and interview Eric Otis, who pled guilty to the offense related to the assault.

Petitioner filed an appeal with the Oregon Supreme Court about six months after the Oregon Court of Appeals affirmed the post-conviction court's decision.  The appeal was untimely.  See ORS 2.520 (petition for review must be filed within 35 days from the date of the Court of Appeal's decision).  Petitioner raised the following issues in seeking review to the Supreme Court: (1) he received ineffective assistance of trial and appellate counsel; (2) his sentence violated Apprendi; and (3) he was denied confrontation

6 - ORDER

rights under Crawford.  The Oregon Supreme Court denied the petition for review.

Petitioner filed a second petition for post-conviction relief, but the trial court dismissed it on its own motion.  Upon appeal, the petition was reinstated so petitioner could first obtain counsel.  Upon remand, the trial court again dismissed the petition as time-barred.  Petitioner failed to timely appeal the dismissal and his motions for an order allowing a late appeal were denied on appeal.

Petitioner did not fairly present any of his claims to the Oregon Supreme Court and he thus failed to exhaust his claims.  Petitioner is now barred from presenting the claims to the Oregon Supreme Court.  Petitioner offers the conclusory argument that he gave the Oregon Supreme Court "numerous fair opportunities" regarding the grounds raised.[2]  Petitioner also asserts the claims were allowed to be considered by the Oregon Supreme Court because of attorney malfeasance, but fails to cite where in the record it can be demonstrated that the Oregon Supreme Court was given an opportunity to consider the claims on the merits.[3]

---

[2] Petitioner does in some instances assert the grounds were preserved and cites, "Apravivna vs. Jersey 530, U.S. 224," which the court cannot find.

[3] To the extent petitioner asserts ineffective assistance of counsel during the post-conviction proceedings, such a claim does not excuse procedural default.  There is no constitutional right to an attorney in state post-conviction proceedings.  Pennsylvania v. Finley, 481 U.S. 551 (1987).  Thus, a petitioner cannot claim constitutionally ineffective assistance of counsel in such

7 - ORDER

While the record does demonstrate that petitioner eventually sought review, by the Supreme Court, of many of the grounds raised here, there is no support for the proposition that the grounds were considered in a context allowing the merits to be considered. Plaintiff failed to timely present the claims to the Oregon Supreme Court. As noted in footnote 3, *supra*, petitioner does not show cause for the default and petitioner does not argue actual innocence in an attempt to show a fundamental miscarriage of justice. Even assuming petitioner adequately raised sentencing issues on direct appeal such that he would have been permitted to raise the issues in his request for post-conviction relief, the issues were never fairly presented to the Oregon Supreme Court.

In addition, in some instances, petitioner did not even raise issues before the post-conviction trial court such as his ineffective assistance of appellate counsel claim. Thus, the Oregon Supreme Court would not have had an opportunity to review such claims on the merits. See ORS § 138.550(3). Accordingly, the court will not review the grounds raised in the petition because they have been procedurally defaulted. The petitioner has not shown cause and prejudice for the failure to present constitutional issues to the highest state court or demonstrated that failure to

---

proceedings. See Wainwright v. Torna, 455 U.S. 586 (1982) (where there is no constitutional right to counsel there can be no deprivation of effective assistance). Petitioner must bear the risk of attorney error that results in a procedural default. Colman v. Thompson, 501 U.S. 722, 752-53 (1991).

8 - ORDER

consider the claims will result in a fundamental miscarriage of justice.

Moreover, this court notes that issues with respect to Apprendi and Crawford are not retroactively applicable because petitioner's conviction and sentence became final prior to these decisions. See Jones v. Smith, 231 F.3d 1227, 1236 (9th Cir. 2000); Whorton v. Bockting, 127 S.Ct. 1173 (2007). Finally, failure of counsel to press claims based on future precedent does not fall below an objective standard of reasonableness such that an ineffective assistance of counsel claim could have merit. See, e.g., Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) (failure predict future developments of law regarding Apprendi like issues is not ineffective).

## CONCLUSION

For the reasons stated above, Delzell's petition for relief pursuant to 28 U.S.C. § 2254 is denied and this proceeding is dismissed.

DATED this   11th   day of May, 2007.

                                              s/ Michael R. Hogan  
                                              United States District Judge